UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DONOVON NEAL LEE, #MZ7143,

    Petitioner,

v.

DEREK OBERLANDER,
Superintendent of SCI Forest,

    Respondent.

CIVIL ACTION NO. 3:21-cv-00665

(SAPORITO, M.J.)

# MEMORANDUM

On April 12, 2021, the court received and docketed a *pro se* petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and mailed by the petitioner, Donovon Neal Lee, on April 2, 2021. Doc. 1. At the time, Lee was incarcerated at SCI Forest, located in Forest County, Pennsylvania.

## I. STATEMENT OF THE CASE

### A. Procedural History

On December 16, 2016, following a jury trial in the Court of Common Pleas for Franklin County, Pennsylvania, Lee was convicted of multiple counts of indecent assault on a person less than 13 years of age and corruption of minors. On May 24, 2017, following an evidentiary

hearing, the sentencing court determined that Lee was a sexually violent predator ("SVP") under a provision of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa. Cons. Stat. Ann. § 9799.23,[1] and it sentenced Lee to serve an aggregate term of 25 to 50 years in prison, in accordance with 42 Pa. Cons. Stat. Ann. § 9718.2, a state statute establishing mandatory minimum and maximum sentences for repeat sex offenders.[2] *See Commonwealth v. Lee*, No. CP-28-CR-0000474-2015 (Franklin Cnty. (Pa.) C.C.P. May 24, 2017) (regarding victim C.M.);

---

[1] In theory, at least, the petitioner's SVP designation is determinative of his post-incarceration sex offender registration obligations under SORNA. Under SORNA, sexual offenses are classified in a three-tier system composed of "Tier I" sexual offenses, "Tier II" sexual offenses, and "Tier III" sexual offenses. *See* 42 Pa. Cons. Stat. Ann. § 9799.14. Generally, a person convicted of a Tier I sexual offense must register for a period of 15 years after his release from prison. *Id.* § 9799.15(a)(1). A person convicted of a Tier II sexual offense must register for a period of 25 years after his release from prison. *Id.* § 9799.15(a)(2). A person convicted of a Tier III sexual offense is subject to mandatory lifetime registration. *Id.* § 9799.15(a)(3). A convicted person determined to be a sexually violent predator is likewise subject to mandatory lifetime registration. *Id.* § 9799.15(a)(6). Here, however, Lee was convicted of Tier III sexual offenses in both criminal cases—both of his indecent assault convictions involved victims under the age of 13. *See* 42 Pa. Cons. Stat. Ann. § 9799.14(d)(8). Thus, he was subject to lifetime registration whether adjudicated an SVP or not.

[2] Lee had a prior conviction and sentence for indecent assault, which preceded the offense conduct in Case No. 475. *See Commonwealth v. Lee*, No. CP-28-CR-0000954-2013 (Franklin Cnty. (Pa.) C.C.P. judgment entered May 14, 2014).

*Commonwealth v. Lee*, No. CP-28-CR-0000475-2015 (Franklin Cnty. (Pa.) C.C.P. May 24, 2017) (regarding victim W.B.).

On July 17, 2018, Lee's judgment of sentence was affirmed in part and vacated in part by the Superior Court of Pennsylvania on direct appeal. *Commonwealth v. Lee*, Nos. 1526 MDA 2017, 1527 MDA 2017, 2018 WL 3446121 (Pa. Super. Ct. July 17, 2018).[3] Lee claimed that the jury's verdict was against the weight of the evidence, and that the trial court's subsequent denial of his motion for a new trial was in error for the same reason; the appellate court considered these claims of error on their merits and affirmed the jury's verdict and the trial court's denial of his motion for a new trial. *Lee*, 2018 WL 3446121, at *2–*3. In addition, the appellate court elected *sua sponte* to review the legality of the sentencing court's SVP determination in light of subsequent holdings by the Supreme Court of Pennsylvania in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) (holding that SORNA registration requirements constituted criminal punishment and retroactive application was an *ex post facto* violation), and by the Superior Court in *Commonwealth v.*

---

[3] *See also Commonwealth v. Lee*, No. 1526 MDA 2017, slip op. (Pa. Super. Ct. July 17, 2018), Doc. 20-1, at 28–35.

*Butler*, 173 A.3d 1212 (Pa. Super. Ct. 2017) (directing trial courts to apply only the tier-based registration periods, based on the conviction itself, and holding that the SVP determination by the court rather than a jury was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013)).[4] *Lee*, 2018 WL 3446121, at *3–*4. The Superior Court vacated the portion of Lee's sentence designating him as an SVP and remanded the case for the trial court to issue a revised notice of Lee's tier-based registration obligations under § 9799.23. *Id.* Lee did not seek allocatur review in the Supreme Court of Pennsylvania.

On remand, following several continuances, the state trial court held a SORNA hearing on January 11, 2019, to provide Lee with notice of his Tier III lifetime registration obligations. *See Commonwealth v. Lee*,

---

[4] Lee was sentenced on May 24, 2017, *Muniz* was decided on July 19, 2017, and *Butler* was decided on October 31, 2017. We note that *Butler* was subsequently reversed by the Supreme Court of Pennsylvania on March 26, 2020. *See Commonwealth v. Butler*, 226 A.3d 972, 992–93 (2020) (holding that, on balance, SORNA's lifetime registration, notification, and counseling requirements for SVPs did not constitute criminal punishment, and thus an SVP determination need not be submitted to the jury and found beyond a reasonable doubt).

No. CP-28-CR-0000474-2015 (Franklin Cnty. (Pa.) C.C.P. Jan. 11, 2019).[5] Lee did not pursue any further appeal from his judgment of sentence.

Lee subsequently filed a *pro se* PCRA petition in the court of common pleas on September 10, 2019,[6] and later his court-appointed attorney filed an amended PCRA petition on or about August 31, 2020.[7] On November 5, 2020, the PCRA court dismissed Lee's PCRA petition as untimely filed. *See Commonwealth v. Lee*, No. CP-28-CR-0000474-2015 (Franklin Cnty. (Pa.) C.C.P. Nov. 5, 2020).[8] Lee filed an appeal from this PCRA dismissal order to the Superior Court of Pennsylvania, but his PCRA appeal was itself quashed *sua sponte* as untimely filed. *See Commonwealth v. Lee*, No. 1550 MDA 2020 (Pa. Super. Ct. Feb. 8, 2021). Lee did not seek allocatur review by the Supreme Court of Pennsylvania.

Lee constructively filed the instant *pro se* federal habeas petition

---

[5] *See also Commonwealth v. Lee*, No. 474-2015, slip op. at 2 (Franklin Cnty. (Pa.) C.C.P. Oct. 9, 2020), Doc. 20-1, at 59.

[6] PCRA Pet., *Commonwealth v. Lee*, No. 474-15 (Franklin Cnty. (Pa.) C.C.P. Sept. 10, 2019), Doc. 20-1, at 36–45.

[7] Am. PCRA Pet., *Commonwealth v. Lee*, No. CP-28-CR-000474-2015 (Franklin Cnty. (Pa.) C.C.P. Aug. 31, 2020), Doc. 20-1, at 48–54.

[8] *See also Commonwealth v. Lee*, No. 474-2015, order (Franklin Cnty. (Pa.) C.C.P. Nov. 5, 2020), Doc. 20-1, at 74–75; *Commonwealth v. Lee*, No. 474-2015, notice of intent to dismiss (Franklin Cnty. (Pa.) C.C.P. Oct. 8, 2020), Doc. 20-1, at 58–61.

on April 2, 2021.[9] Doc. 1. The respondent, appearing through counsel,[10] initially filed a partial answer to the petition on May 4, 2021, limited to a defense that the petition was time-barred. Doc. 9. This initial, partial answer did not address the merits of the petitioner's habeas claims. Nor was it accompanied by copies of relevant state court records, as required by Rule 5(c) and (d), 28 U.S.C. foll. § 2254. Thus, on October 20, 2021, we entered an order directing the petitioner to file the requisite state court records and a supplemental answer responding to the substance of the petitioner's claims. Doc. 16. The respondent was directed to file the relevant state court records within 14 days and his supplemental answer within 30 days. *See id.*

On November 2, 2021, the respondent requested a 60-day extension of time to file his supplemental answer and the required state court

---

[9] The petition was received and docketed by the clerk on April 12, 2021, but it appears to have been deposited in the prison mail system on April 2, 2021, and thus effectively filed that day. *See* R. 3(d), 28 U.S.C. foll. § 2254.

[10] This initial answer bore an ink-on-paper signature by Matthew D. Fogal, the county district attorney at the time. It was electronically filed, however, by Nathan L. Boob, an assistant district attorney in Fogal's office.

records.[11] Doc. 18. On November 3, 2021, the court granted the respondent's request for an extension of time. Doc. 19. That order explicitly noted that copies of relevant state court records were due to be filed on or before January 3, 2022, and the respondent's supplemental answer responding to the substance of the petitioner's claims was due to be filed on or before January 18, 2022.

On January 21, 2022, the respondent re-filed the *very same* answer,[12] limited to a defense that the petition was time-barred. Doc. 20. Notwithstanding the court's explicit instruction, this second, literally identical answer did not address the merits of the petitioner's habeas claims. It was, however, accompanied by copies of relevant state court records this time. Doc. 20-1. Both filings were untimely nonetheless.

On January 25, 2022, we entered an order noting these deficiencies in the respondent's filings, directing the respondent to file a motion for

---

[11] The request for an extension was accompanied by the appearance of new counsel of record—Laura J. Kerstetter, also an assistant district attorney in Fogal's office—and it explained that Boob had recently departed the county DA's office for new employment. Doc. 17; Doc. 18.

[12] Indeed, the header of this second answer includes the CM/ECF label from the respondent's original answer, Doc. 9. Once again, it bore Fogal's ink-on-paper signature, but this time it was electronically filed by Kerstetter.

extension of time *nunc pro tunc* within 7 days, and directing the respondent to file a supplemental answer responding to the merits of the petitioner's habeas claims within 30 days. Doc. 21. Two days later, on January 27, 2022, the respondent filed his *nunc pro tunc* motion for an extension of time. Doc. 22. The next day, January 28, 2022, we granted the extension and directed the respondent to file his supplemental answer on or before February 24, 2022. Doc. 23.

That was the last time we heard from the respondent. Despite our orders, he has never filed an answer to the petition on its merits. More than a year later, the petitioner filed a motion requesting that the respondent and his counsel be held in contempt of court. Doc. 30.

### B. Habeas Claims Presented

Liberally construed, *see generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants), the *pro se* petition has asserted that Lee is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(1) The statutory mandatory minimum and maximum sentences

imposed on Lee as a repeat sexual offender—i.e., a prison term of 25 to 50 years for misdemeanor indecent assault of a minor under the age of 13—constitutes an unconstitutionally excessive sentence;

(2) The petitioner was denied the effective assistance of counsel in trial, appellate, and post-conviction proceedings for reasons that are not well articulated in the petition;

(3) The petitioner was denied his constitutional right to a speedy trial because his trial commenced more than two years after his arrest; and

(4) The petitioner was denied his right of access to courts because unidentified state troopers seized documents that he had sent to the district attorney's office in connection with his PCRA proceedings.

Lee has raised each of these claims for the first time in the instant federal habeas petition.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of

federal habeas corpus petitions pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). The statute also prescribes how the one-year limitation period is calculated, including the date on which the limitation period begins, *id.* § 2244(d)(1), and the circumstances under which the limitation period may be tolled, *id.* § 2244(d)(2).

### A. Calculation of the Applicable Limitation Period

Under the AEDPA, a state prisoner generally must file any federal habeas corpus petition within one year of the date that his conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Where a prisoner does not pursue direct review of his conviction all the way to the Supreme Court of the United States, his conviction becomes final when the time for pursuing direct review in that Court, or at any level of state court, expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012).

Here, the petitioner's conviction of sexual offenses complicates the question of when his conviction and sentence became final for AEDPA purposes. On July 17, 2018, the Superior Court affirmed Lee's judgment of sentence in part, but it vacated and remanded the portion of the judgment designating Lee as an SVP, instructing the trial court to issue

a revised notice of Lee's tier-based registration obligations. The trial court did so, conducting a hearing on January 11, 2019, to advise Lee of his lifetime registration obligations.

The respondent argues that Lee's judgment of sentence became final thirty days after the Superior Court's decision—on August 16, 2019—when the time for filing a petition for allocatur expired. *See* Pa. R. App. P. 1113(a)(1) (permitting 30 days after entry of a Superior Court order to file a petition for allocatur).

But, as Pennsylvania courts have acknowledged, "the term 'judgment' is not limited to the court's sentence of incarceration, but also includes [a] status determination under [SORNA]." *See Commonwealth v. Harris*, 972 A.2d 1196, 1202 (Pa. Super. Ct. 2009).[13] The Third Circuit

---

[13] We note that the state courts have found registration requirements to be both punitive and non-punitive, depending on the context. *Compare Commonwealth v. Butler*, 226 A.3d 972, 993 (Pa. 2020) (finding sex offender registration requirements did not constitute criminal punishment in the *Apprendi* or *Alleyne* context, and thus need not be submitted to the jury and found beyond a reasonable doubt), *and Harris*, 972 A.2d at 1201 (characterizing SVP registration requirements as collateral and non-punitive), *with Commonwealth v. Muniz*, 164 A.3d 1189, 1218 (Pa. 2017) (plurality opinion) (finding sex offender registration requirements were punitive in the *ex post facto* context, and thus could not be applied retroactively); *see also Piasecki v. Court of Common Pleas*, 917 F.3d 161, 175 (3d Cir. 2019) (recognizing that the
(*continued on next page*)

has similarly recognized that "sex-offender registration requirements [a]re part of [the defendant]'s sentence and therefore imposed 'pursuant to the judgment of a state court.'" *See Piasecki v. Court of Common Pleas*, 917 F.3d 161, 173 (3d Cir. 2019). In this context, it may be argued that, notwithstanding affirmance of Lee's prison sentence, his judgment of sentence could not be final until the sentencing court provided him with notice of his Tier III lifetime registration obligations on January 11, 2019. *Cf. Commonwealth v. Schrader*, 141 A.3d 558, 563 (Pa. Super. Ct. 2016) (although period of incarceration had been imposed, sentence was not final until SVP status was determined). Using this later date, Lee's judgment of sentence would have become "final" on Monday, February 11, 2019. *See* Pa. R. App. P. 903(a) (requiring notice of appeal to be filed within 30 days after entry of order from which appeal is taken); 1 Pa. Cons. Stat. § 1908 (providing that, whenever the last day of a time period falls on a Sunday or a legal holiday, it shall be omitted from the

---

*Muniz* plurality found *all* SORNA registration provisions to be punitive). Whether registration requirements are punitive or not does not appear to be determinative of whether a judgment of sentence is "final" where an SVP determination or notice of registration requirements remain outstanding even though the trial court has already imposed a prison sentence.

computation); Pa. R. App. P. 107 (incorporating § 1908 by reference).

But ultimately, we need not decide this particular question because the petition is untimely in any event. Adopting the later date for the sake of argument, and absent any applicable tolling period, Lee had until February 11, 2020, to timely file his federal petition for a writ of habeas corpus. The instant petition was filed more than a year later on April 2, 2021.

## B. Statutory Tolling

A person in state custody may toll the running of the AEDPA's limitation period during the time in "which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). But untimely state petitions are not "properly filed" for AEDPA purposes, and thus they do not toll the limitation period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Although Lee filed a state PCRA petition, the initial-review PCRA court dismissed Lee's PCRA petition as untimely, *see Commonwealth v. Lee*, No. CP-28-CR-0000474-2015 (Franklin Cnty. (Pa.) C.C.P. Nov. 5, 2020),[14] and we must defer to a

---

[14] We note that the initial-review PCRA court was the highest state court to consider his PCRA petition. Lee filed a notice of appeal from the
*(continued on next page)*

state court's ruling dismissing a PCRA petition as untimely. *See Merritt v. Blaine*, 326 F.3d 157, 165–66 (3d Cir. 2003); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). Thus, the AEDPA one-year limitation period in this case was not tolled because Lee's PCRA petition was not "properly filed" for statutory tolling purposes. *See Wallace v. Mahanoy*, 2 F.4th 133, 149 (3d Cir. 2021); *see also Danner v. Cameron*, 955 F. Supp. 2d 410, 416 (M.D. Pa. 2013) ("While a properly-filed PCRA petition will toll the running of AEDPA's statute of limitations, an improperly-filed PCRA petition does not have the same effect.").

Accordingly, the instant federal habeas petition is time-barred unless there are grounds for equitable tolling of the AEDPA statute of limitations.

### C. Equitable Tolling

In addition to a period of statutory tolling, a habeas petitioner may be entitled to equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights

---

PCRA court's dismissal of his petition, but that appeal itself was dismissed as untimely filed. *See Commonwealth v. Lee*, No. 1550 MDA 2020 (Pa. Super. Ct. Feb. 8, 2021).

diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of establishing that he is entitled to the benefit of the doctrine of equitable tolling. *Pace*, 544 U.S. at 418.

Lee has failed to allege any facts or circumstances to establish that some extraordinary circumstance stood in the way of his timely filing of the instant petition, or that he has been pursuing his rights diligently. Accordingly, Lee has failed to demonstrate that he is entitled to any period of equitable tolling.

### III. CONCLUSION

For the foregoing reasons, the petition (Doc. 1) will be dismissed with prejudice as untimely filed. Moreover, the court will decline to issue a certificate of appealability, as the petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Buck v. Davis*, 137 S. Ct. 759, 773–75 (2017); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In light of our dismissal of his petition, the petitioner's motion for

contempt will be denied as moot. *See Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 451 (1911) (when the main case is settled, coercive civil contempt becomes moot).

An appropriate order follows.

Dated: January __29__, 2024

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge